# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>　　　　　　　　Respondent. | Case No.: 18-CV-2884-AJB-BGS<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 24),**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS, (Doc. No. 15),**<br><br>**(3) DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1), AND**<br><br>**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

Before the Court is Petitioner Clarence V. Knight's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("the Petition"). (Doc. No. 1.) Respondent Ralph Diaz ("Respondent") filed a motion to dismiss the Petition. (Doc. No. 15.) Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("R&R"), recommending dismissal of the Petition. (Doc. No. 24.) Petitioner filed objections to the R&R. (Doc. No. 26.) For the reasons stated herein, the Court **ADOPTS** the R&R in its entirety, **GRANTS** Respondent's motion to dismiss, **DISMISSES** the Petition, and

**DECLINES** to issue a certificate of appealability.

## I. BACKGROUND

This case's factual background was carefully and thoroughly detailed in Magistrate Judge Skomal's R&R. (Doc. No. 24 at 2–10.) After careful review of the factual background and record, this Court fully incorporates by reference the factual background section of the R&R. As such, the Court will only briefly summarize the relevant factual background necessary for this order.

### A. Petitioner's "First Round" of State Petitions

In 1979, Petitioner was convicted by a jury of first-degree murder, four counts of robbery, and one count of grand theft of an automobile. (Lodgment 5 at 3.) The murder conviction arose out of Petitioner's fatal shooting of a woman in the chest as she sat in a parked car with her husband and baby after Petitioner arrived on the scene in a stolen car and took money and jewelry from her husband in exchange for illicit drugs he pretended to have. (Lodgment 7 at 2.) He was sentenced to 12-years for the robbery conviction, and a consecutive 25 years-to-life for the first-degree murder conviction. (*Id.*)

On January 9, 2015, the State of California Parole Board ("Parole Board") found Petitioner unsuitable for parole, and calculated his base term—the earliest date he could be released on his life sentence—at 29 years. (Lodgment 3 at 21–28.) Based on these events, Petitioner filed his first state habeas petition on August 25, 2015 in California Superior Court, arguing the 29-year base term calculated by the Parole Board was excessive. (Lodgment 4 at 7.) The crux of his argument was that a calculation resulting in a 29-year base term for a conviction for which he received 25 years-to-life cannot be rational. (*Id.* at 8.) On December 17, 2015, the Superior Court denied the petition, concluding the 29-year base term was not excessive given Petitioner was convicted of first-degree murder, and the maximum term he could serve based on this sentence was a life term. (Lodgment 5 at 6–8.)

On January 4, 2016, Petitioner filed a state habeas petition with the California Court of Appeal, again arguing the Parole Board's determination of a 29-year base term was

2

improper because his indeterminate sentence of 25 years-to-life was somehow capped at 25 years. (Lodgment 6 at 32.) The California Court of Appeal denied this petition on January 14, 2016. (Lodgment 7.) The appellate court explained Petitioner received an *indeterminate* sentence between 25 years-to-life. (*Id.* at 4.) Thus, setting his base term at 29 years was not an imposition of a new or additional punishment. (*Id.*)

Petitioner then filed another state habeas petition with the California Supreme Court on February 11, 2016. (Lodgment 8.) He asserted the same arguments he raised in his prior petitions to the Superior Court and Court of Appeal. (*Id.* at 8, 12, 16–18, 21–22, 24–25, 32–37.) The California Supreme Court summarily denied the petition on April 27, 2016. (Lodgment 9.)

### B. Petitioner's "Second Round" of Petitions[1]

On April 22, 2018, Petitioner filed another state habeas petition with San Diego Superior Court. (Lodgment 10.) In an attempt to distinguish from his earlier petitions, Petitioner emphasized he was not challenging *how* the 29-year base term was calculated, but instead, he was challenging the fact that his confinement *exceeded* the 29-year base term. (*Id.* at 6–7.) The Superior Court denied the petition on May 30, 2018, holding the claims were duplicative of the claims raised in his prior petitions. (Lodgment 11 at 3–4.)

On June 17, 2018, Petitioner filed a habeas petition with the California Court of Appeal. (Lodgment 12.) To address the Superior Court's determination that Petitioner raised issues already previously addressed in prior petitions, Petitioner argued again he was not challenging *how* the 29-year term was calculated, but only "the constitutionality of *exceeding* a fixed base term established by the Board. . . ." (*Id.* at 3 (emphasis added).) The Court of Appeal denied his petition on June 27, 2018. (Lodgment 13.) The court found the petition duplicative of the January 4, 2016 petition challenging his confinement for a period longer than the 29-year base term calculated by the Parole Board. (*Id.* at 1.)

---

[1] For the sake of clarity, the Court refers to the petitions filed starting on April 22, 2018 as the "second round" of petitions.

3

On July 3, 2018, Petitioner filed a state habeas petition with California Supreme Court, asserting the *fixing* of the base term and *exceeding* that base term are wholly separate matters, and he never challenged *exceeding* the base term. (Lodgment 14 at 39–40, 78–79.) The California Supreme Court summarily denied the petition on November 14, 2018 without citation to any cases. (Lodgment 15.)

### C. Petitioner's Federal 28 U.S.C. § 2254 Habeas Petition

The Petition currently before the Court was filed on December 20, 2018. (Doc. No. 1.) Petitioner argues at some point, his indeterminate 25-to-life sentence for first-degree murder became a determinate sentence of either 25 years or 29 years, and he has been in custody for more than 29 years. (*Id.* at 4–6, 10–11, 16–23.) In this Petition, Petitioner reiterates he is *not* claiming that his base term calculation was wrong, only that he is entitled to a determinate sentence of the 29 years. (*Id.*)

## II. LEGAL STANDARD

The duties of the district court with respect to a magistrate's judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). The district court must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989).

As to portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974); *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007).

//

## III. DISCUSSION

Petitioner objects to the Magistrate Judge's R&R on multiple grounds: (1) Petitioner's 29-year base term was improperly calculated, (2) the Petition before the Court is timely, (3) the procedural bar applied by the California Court of Appeal was neither adequate nor independent, (4) the procedural bar should not apply because Petitioner has shown cause and prejudice, and (5) the claims in the Petition are federally cognizable. (Doc. No. 26.) The Court addresses each objection below.

### A. Calculation of the 29-Year Base Term

As a preliminary matter, although Petitioner insists his Petition does not challenge *how* the Parole Board calculated his 29-year base term, Petitioner nevertheless argues in his objections that the Parole Board fixed his base term without weighing the proper factors relating to Petitioner's mens rea for the crime committed. (Doc. No. 26 at 3.) According to Petitioner, the Parole Board did not consider evidence indicating that the murder was unintentional. (*Id.*) But in light of Petitioner's vehement insistence that his federal habeas petition is not based on the Parole Board's calculation of his 29-year base sentence, the Court declines to address this objection. Even if the Court were to entertain this objection, the record shows the Parole Board did in fact consider mitigating and aggravating circumstances when calculating his base term, and ultimately concluded that there were no circumstances to vary his base term. (Lodgment 3 at 26.)

### B. The Petitioner is Barred by the Statute of Limitations

Next, Petitioner objects to the R&R's conclusion that his Petition is untimely. (Doc. No. 26 at 12.) The one-year statute of limitations applicable to federal habeas petitions pursuant to 28 U.S.C. § 2254 begins to run at the latest of the following four possible dates—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

5

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1)(A)-(D).

In his objection, Petitioner argues the Magistrate Judge only considered § 2244(d)(1)(D) and did not consider § 2244(d)(1)(A) for the purpose of calculating the statute of limitations. (Doc. No. 26 at 12.) Section 2244(d)(1)(A) states the statute of limitations begins to run on "the date on which ***the judgment became final by the conclusion of direct review*** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Petitioner asserts he sought direct review of his conviction, but does not provide the dates of—and the Court cannot find in the record—when the California Court of Appeal or California Supreme Court denied those direct appeals. (Doc. No. 1 at 2–3.) But presumably, because Petitioner was convicted in 1979, the date Petitioner's conviction became final would have long passed. (Lodgment 4 at 4.) Nevertheless, it is clear the Petition before the Court does not seek review of his first-degree murder conviction or sentence itself. Petitioner is not arguing he was wrongfully convicted or sentenced. Rather, the Petition is a collateral challenge to his incarceration exceeding the 29-year base term set by the Parole Board. (Doc. No. 1 at 2–3.) Therefore, § 2244(d)(1)(A) is inapplicable. (Doc. No. 24 at 14.)

Next, Petitioner objects that even if § 2244(d)(1)(D) applies, his Petition is still timely. Under § 2244(d)(1)(D), "when a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) (quoting § 2244(d)(1)(D)). Therefore, § 2254(d)(1)(D) applies to Petitioner's claim that the Parole Board's fixing of a 29-year base term "affected the duration of his confinement" resulting in incarceration in excess of 29 years.

Under § 2244(d)(1)(D), the Petition is untimely filed. The Magistrate Judge explained that under § 2254(d)(1)(D), the "factual predicate" of Petitioner's claim is his incarceration in excess of the 29-year base term. *See Lara v. Curry*, Case No. C 06-7149 MHP, 2010 WL 986625, at *1–2 (N.D. Cal. March 17, 2010) ("The limitations period clock started ticking when . . . the allegedly agreed-upon date for release arrived . . . and [the petitioner] remained in prison). Therefore, Petitioner knew the factual predicate of his claim the very day he remained in prison beyond the 29th year. There is no dispute that Petitioner's 25-to-life term for first-degree murder commenced on September 4, 1987. (Lodgment 2.) Accordingly, Petitioner knew the factual predicate of his claim by September 5, 2016—the 29th year Petitioner remained incarcerated. This date triggered the running of the one-year statute of limitations, and absent statutory or equitable tolling, Petitioner was required to file his federal Petition by September 4, 2017. Petitioner did not do so until December 24, 2018. (Doc. No. 1.)

In objection, Petitioner largely rehashes the same arguments as in his opposition to Respondent's motion to dismiss. He continues to argue the statute of limitations began to run on September 4, 2017, instead of September 4, 2016. (Doc. No. 26 at 3–4.) Petitioner contends he could not have filed his Petition until after September 4, 2017, because between September 4, 2016 and September 4, 2017, he could have been released from custody. (*Id.* at 6, 10, 13.) Thus, it is Petitioner's belief that he had to remain in prison through the entire 29th year, before the factual predicate triggered on the 30th year. (*Id.* at 12.) However, Petitioner does not cite any authority for the proposition that an inmate must serve a full year from the date he discovered the factual predicate of his claim. To the contrary, the case law reflects that the statute of limitations is triggered right when a petitioner remains in custody beyond the date he contends he should have been released. Petitioner need not wait a full entire year for the statute of limitations to run. *See Hudson v. Curry*, Case No. 06-03716 SI, 2007 WL 1430031, at *1–2 (N.D. Cal. May 14, 2007) (statute of limitations was triggered when petitioner remained in custody beyond date he alleged he should have been released); *Lang v. Hernandez*, Case No. CV 06-4927 RGK

7

(JC), 2008 WL 8114263, at *7–8 (C.D. Cal. March 31, 2008) (same).

Based on the foregoing, the Court concludes the Petition was not timely filed.

### 1. Statutory and Equitable Tolling

The Court next addresses whether tolling can help save Petitioner's claims. In his objections, Petitioner states "statutory and/or equitable tolling was never needed" because he timely filed his Petition before this Court. (Doc. No. 26 at 14.) Petitioner largely does not object to any aspect of the R&R regarding tolling, and as the Magistrate Judge correct concluded, "Petitioner is not entitled to any statutory or equitable tolling." (Doc. No. 24 at 17.)

Under statutory tolling, the statute of limitations to file a federal habeas petition is tolled during the time a state petition is pending in state court. *See* 28 U.S.C. § 2244(d)(2). The record is clear Petitioner had no state petitions pending between September 5, 2016 to September 4, 2017. Petitioner's first three state petitions in the "first round" had all been denied by September 5, 2016—when the one-year statute of limitations began to run. (*See* Lodgment 8 (The California Supreme Court summarily denied Petitioner's petition on April 27, 2016).) And, Petitioner's final three state petitions of the "second round" were filed in 2018 after the statute of limitations had already expired. (*See* Lodgment 10 (On April 22, 2018, Petitioner filed his state petition with the San Diego Superior Court, challenging the continued detention of Petitioner beyond 29 years).) Therefore, statutory tolling does not help save Petitioner's claims.

The same goes for equitable tolling. "To be entitled to equitable tolling, [Petitioner] must show, '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented him from filing." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The Magistrate Judge concluded, "Petitioner has not provided any basis for equitable tolling in his Opposition to the Motion to Dismiss"

or Petition. (Doc. No. 24 at 18.) Likewise, Petitioner has not shown he is entitled to equitable tolling in his objections to the R&R. Indeed, he provides no facts in his Petition, opposition to the motion to dismiss, or objections to establish any basis for this doctrine to apply.

As such, with no circumstances indicating that statutory tolling or equitable tolling applies, the Petition is untimely, and must be dismissed on this basis alone.

### C. The Procedural Default Doctrine

In addition to finding the Petition time-barred, the Magistrate Judge concluded the Petition is barred under the procedural default doctrine. (Doc. No. 24 at 23.) Petitioner objects, maintaining (1) the procedural bar should not apply because the California Court of Appeal did not deny his state petitions on adequate or independent grounds, and (2) there was cause and prejudice to overcome the procedural default. The Court will address both of Petitioner's objections below.

#### 1. The California Court of Appeal Denied Petitioner's Claims on Adequate and Independent Grounds.

Under the procedural default doctrine, a federal court is precluded from considering the merits of a federal habeas petition when the state court denied the petitioner's claims on the basis of a state procedural rule that constitutes ***adequate, independent*** grounds for denying the petition. *See Lee v. Kemna*, 534 U.S. 362 (2002) (emphasis added). "State rules count as **'*adequate*'** if they are 'firmly established and regularly followed.'" *Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016) (per curiam) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)) (emphasis added). A state procedural rule is ***independent*** of federal law if the state court explicitly invokes the rule as a separate basis for its decision and the application of the rule does not depend on consideration of federal law. *Vang v. Nevada*, 329 F.3d 1069, 1074–75 (9th Cir. 2003). The opinion of the last state court rendering a judgment in the case must "'clearly and expressly' state that its judgment rests on a state procedural bar." *Thomas v. Goldsmith*, 979 F. 2d 746, 749 (9th Cir. 1992) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). Additionally, "[w]here . . . the last reasoned opinion on the

9

claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *see also Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991).[2]

First, the Magistrate Judge properly concluded the state court opinions rests on an adequate procedural bar. As the Magistrate Judge reasoned, "the California Supreme Court's November 14, 2018 denial states only that the petition for writ of habeas corpus is denied without citation to any cases. Accordingly, the Court looks through the California Supreme Court's silent denial to the California Court of Appeal's denial as the last reasoned decision." (Doc. No. 24 at 21); *Ylst*, 501 U.S. at 804 (explaining that courts should "look through" unexplained orders "to the last reasoned decision.") Looking through to the California Court of Appeal's June 27, 2018 decision, it is clear the appellate court's opinion rests on California's procedural bar against successive petitions. (Lodgment 13.) The California Court of Appeal specifically explained, "[t]his court rejected Knight's due process claims in habeas corpus proceeding No. D069558, and he has identified no pertinent change in the facts or the law since then. His 'repetitious presentation of claims is an abuse of the writ.' (*In re Clark* (1993) 5 Cal.4th 750, 769)." To the extent the court's explicit statement that the petition is repetitious is not sufficient to convey reliance on the procedural bar, the court's citation to *In re Clark* makes it clear. The cited portion of *In re Clark* addresses successive petitions, and courts have held such a citation sufficient to conclude the state court is relying on an adequate procedural bar. *See Trieu v. Fox*, 764 F. App'x 624 (9th Cir. 2019) (recognizing *In re Clark* citation as state's procedural bar against successive petitions).

---

[2] The burden of proving adequacy is on the respondent. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004). If the state adequately pleads an independent and adequate state procedural ground, the burden shifts to the petitioner to assert "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennet v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003).

Second, the independence of the bar on successive petitions is clear. "A state procedural rule constitutes an 'independent' bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling." *Cooper v. Brown*, 510 F.3d 870, 924 (9th Cir. 2007). The California Court of Appeal June 27, 2018 decision explicitly invokes the rule as an independent basis for its decision and there is nothing in the decision suggesting the ruling is interwoven or related to any federal or constitutional ruling. (Lodgment 13.) In this respect, the imposition of the procedural bar is independent.

Petitioner objects to the Magistrate Judge's conclusion that the procedural bar is adequate and independent, rehashing the same arguments made in his opposition to Respondent's motion to dismiss. Petitioner continues to argue his "second round of petitions" filed in 2018 were the first petitions to challenge his confinement for a period longer than the 29-year base term. (Doc. No. 26 at 3–4.) Petitioner further contends the continued treatment of the 2018 "second round" petitions as successive of the 2015-2016 "first round" petitions constitutes "muddling" of his petitions. (*Id.*) But even review of Petitioner's "first round" petition to the Court of Appeal reveals he did in fact challenge the constitutionality of exceeding the fixed base term established by the Parole Board. Specifically, Petitioner argued the "Parole Board's denial of release exceeds the Court's maximum imposed sentence [sic] encroaching constitutional limit of punishment . . ." (Lodgment 6 at 26.) Thus, the California Court of Appeal did not err in concluding Petitioner's petition was successive.

Because Petitioner offers no other specific allegations that demonstrate the inadequacy of the California bar on successive petitions, Petitioner has not met his burden in avoiding the procedural bar. *Bennet*, 322 F.3d at 586.

**2. There Was No Cause and Prejudice to Overcome the Procedural Default.**

To overcome a procedural default, a petitioner must show cause and actual prejudice. The cause standard requires a petitioner to show "some objective factor external to the defense impeded counsel's efforts" to raise the claim. *McClesky v. Zant*, 499 U.S. 467, 493

11

(1991). "A factor is external to the defense if it 'cannot fairly be attributable' to the prisoner." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). "For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials . . . made compliance impracticable, would constitute cause under this standard.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (2012).

In his objections, Petitioner argues the Superior Court's December 17, 2015 decision denying Petitioner's state petition is the basis for cause. (Doc. No. 26 at 18.) Specifically, Petitioner contends that erroneous language from the 2015 Superior Court decision caused the California Court of Appeal to deny his petition in 2018 as successive. The relevant portion of the Superior Court decision at issue states, "[t]he fact that petitioner has served six years beyond his 29-year base term does not, on its own establish that his continued incarceration is excessive, or cruel and unusual punishment under the Eight Amendment." (Lodgment 5 at 6.) Petitioner states this sentence shows the Superior Court's error because in 2015, Petitioner had only served his "27th or 28th year" and could not have served 6 years beyond his 29th year. (Doc. No. 26 at 19.)

Petitioner has failed to show cause. The California Court of Appeal order imposing the procedural bar does not discuss the Superior Court decision Petitioner relies on. To the contrary, the Court of Appeal specifically points to the prior petition Petitioner filed in the Court of Appeal from 2015—not the Superior Court order—as the basis to conclude his petitions are repetitious. As correctly stated by the Magistrate Judge, "[t]he Court of Appeal goes on to makes its own findings regarding the prior [Court of Appeal] petitions, contravening the idea that the Superior Court's 2015 two-line statement somehow caused the Court of Appeal to impose a procedural bar it otherwise would not have imposed." (Doc. No. 24 at 26.) Therefore, there is no basis to conclude a Superior Court decision issued in 2015, caused the Court of Appeal to impose a procedural bar in 2018. Accordingly, Petitioner has not shown cause sufficient to avoid the procedural bar.

When, as here, a petitioner fails to show cause for the default, the "court need not consider whether he suffered actual prejudice." *Roberts v. Arave*, 847 F.2d 528, 530 n.3

(9th Cir. 1988) (citing *Engle v. Issac*, 456 U.S. 107, 134 n. 43 (1982)); *Smith v. Murray*, 477 U.S. 527, 533 (1985). As such, the Court declines to address Petitioner's arguments regarding prejudice.

### D. Federally Cognizable

Federal habeas corpus relief is not available for allegations of state law violations. *See Swarthout v. Cooke*, 562 U.S. 216 (2011). Without explaining how, Petitioner argues in his objections that his claim is a federally cognizable. (Doc. No. 26 at 20.) However, as the Magistrate Judge pointed out, Respondent did not provide this ground for dismissal in its initial motion and so, the Court declines to address this argument.

### E. Certificate of Appealability

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether [] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims and therefore **DECLINES** to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated herein, the Court finds the R&R well-reasoned, thorough, and contains no clear error. Thus, the Court **ADOPTS** the R&R in its entirety, (Doc. No. 24), **GRANTS** Respondent's motion to dismiss, (Doc. No. 15), **DISMISSES** Petitioner's federal petition for habeas corpus, (Doc. No. 1), and **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: March 28, 2020

Hon. Anthony J. Battaglia
United States District Judge